## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2015, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Michael P. DeArmitt | Steven J. Cohen |
| Columbus, Indiana | Zeigler Cohen & Koch |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Commitment of D.E., | December 22, 2015 |
| *Appellant-Respondent,* | Court of Appeals Case No. 03A04-1505-MH-313 |
| v. | Appeal from the Bartholomew Superior Court |
| Columbus Regional Hospital Mental Health Center, | The Honorable James D. Worton, Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 03D01-1504-MH-1755 |

**Najam, Judge.**

## Statement of the Case

[1] D.E. appeals the trial court's order that he be committed to Columbus Regional Hospital Mental Health Center ("Columbus"). D.E. raises a single issue for our

review, namely, whether Columbus presented sufficient evidence to support the trial court's order. We affirm.

## Facts and Procedural History

On March 13, 2015, officers with the Brown County Sheriff's Department picked up D.E. while he was walking along the side of a road. Because they were concerned about D.E. and knew that he had a history of mental illness and "a history of carrying around a machete and trying to get into fights when he is off his medications," the officers escorted D.E. to Columbus. Tr. at 7. There, Dr. Michael Stark treated D.E., and Dr. Stark observed D.E. threaten to kill one patient and slap another patient.

Columbus petitioned the trial court for the involuntary regular commitment of D.E. to Columbus. At an ensuing fact-finding hearing, Dr. Stark testified to D.E.'s history of mental illness, including Dr. Stark's diagnosis that D.E. suffers from schizophrenia. And Dr. Stark testified that D.E. had threatened and attacked other patients at Columbus. Following the hearing, the court found D.E. to be both dangerous and gravely disabled, and it ordered that he be involuntarily and regularly committed to Columbus. This appeal ensued.

## Discussion and Decision

D.E. appeals the commitment order. As our supreme court has explained:

> To obtain an involuntary regular commitment of an individual, a petitioner is required to prove by clear and convincing evidence that: (1) the individual is mentally ill and either dangerous or

gravely disabled; and (2) detention or commitment of that individual is appropriate. . . .

* * *

The purpose of civil commitment proceedings is dual: to protect the public and to ensure the rights of the person whose liberty is at stake. The liberty interest at stake in a civil commitment proceeding goes beyond a loss of one's physical freedom, and given the serious stigma and adverse social consequences that accompany such physical confinement, a proceeding for an involuntary civil commitment is subject to due process requirements. To satisfy the requirements of due process, the facts justifying an involuntary commitment must be shown by clear and convincing evidence which not only communicates the relative importance our legal system attaches to a decision ordering an involuntary commitment, but also has the function of reducing the chance of inappropriate commitments.

In reviewing the sufficiency of the evidence supporting a determination made under the statutory requirement of clear and convincing evidence, an appellate court will affirm if, considering only the probative evidence and the reasonable inferences supporting it, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find the necessary elements proven by clear and convincing evidence. This appellate standard of review applies in civil commitment decisions.

*T.K. v. Dep't of Veterans Affairs (In re T.K.)*, 27 N.E.3d 271, 273-74 (Ind. 2015) (footnote, internal alterations and omissions, quotation marks, and citations omitted). Because we hold that Columbus presented sufficient evidence to show that D.E. was dangerous, we need not consider the trial court's alternative

conclusion that D.E. was gravely disabled. *See G.Q. v. Branam*, 917 N.E.2d 703, 707 (Ind. Ct. App. 2009). D.E. does not challenge any other requirements for his commitment on appeal.

[5] D.E. asserts that Columbus did not present sufficient evidence to show that he is dangerous. "'Dangerous' is 'a condition in which an individual[,] as a result of mental illness, presents a substantial risk that the individual will harm the individual or others.'" *Id.* at 274 (quoting Ind. Code § 12-7-2-53 (2012)). Here, Dr. Stark testified that D.E. "has a history of carrying around a machete and trying to get into fights when he is off his medications" and that, when D.E. was admitted to Columbus, "he was . . . agitated [and] endorsing auditory hallucinations of hearing God's voice or multiple God[s] talking to him." Tr. at 7-8. Dr. Stark further testified as follows:

> . . . I do believe he is a potential danger to others when off his medications as well. [S]ome of those behaviors were displayed early in his hospital stay . . . . [S]ome of the behaviors he engaged in . . . were threatening other patients. He threatened to kill another male patient here[. H]e exhibited inappropriate laughter[,] which often is a sign . . . that he is responding to internal stimulatory auditory hallucinations . . . .

*Id.* at 9. When asked to elaborate on the "issue with another patient," Dr. Stark testified: "[D.E.] threatened to kill one of the male patients. At one point he slapped another male patient on the back and had a rather unprovoked uh, and had to be removed from that patient." *Id.* at 13.

[6] D.E. emphasizes on appeal that Dr. Stark testified that D.E. was only a "potential danger." *Id.* at 9. But Dr. Stark testified to specific instances in which D.E. acted in a manner that presented a substantial risk to others, and the trial court need not wait until D.E. actually harms another to order his commitment. *See M.Z. v. Clarian Health Partners*, 829 N.E.2d 634, 638 (Ind. Ct. App. 2005), *trans. denied*. D.E. also emphasizes his own testimony or otherwise attacks Dr. Stark's credibility, but these arguments are merely requests for this court to reweigh the evidence on appeal, which we will not do. *See In re T.K.*, 27 N.E.3d at 273-74.

[7] We hold that Columbus presented sufficient evidence to show that D.E. was dangerous to others. *See* I.C. § 12-7-2-53. As such, we cannot say that the trial court erred when it committed D.E. to Columbus, and we affirm the court's judgment.

[8] Affirmed.

Riley, J., and May, J., concur.